Mr. Justice Clayton
delivered the opinion of the court.
This was an action of trespass for entering upon the land of the plaintiff, and taking away a dividing fence. There were a verdict and judgment for plaintiff, motion for a new trial overruled, and the case thence comes to this court. No instructions were asked or given ; the testimony, therefore, is all that is to be considered.
Daniel Hester, a witness for the plaintiff, stated that he once owned the land jointly with the plaintiff, and procured a survey of it to be made, by the county surveyor of Holmes county, and that, according to that line, sixty or seventy parcels of the dividing fence would be upon’the plaintiff’s land. That he after-wards caused a survey to be made by the county surveyor of Carroll county, according to whose survey the whole fence was upon the land of the plaintiff. This surveyor stated that he had made the survey carefully, so as to make an equal division of the quarter section between Hester and -the plaintiff, and that, according to his survey, the fence was on the plaintiff’s land.
*430 A. B. Harris stated that he was a chain carrier, when C. Benjamin, the county surveyor of Holmes, made his survey,, that the line was distinctly marked, and if the fence was not crooked, no part of it would be on the land of the plaintiff.
Young Stokes stated, that it was agreed between the plaintiff, *and his father, the former owner of the defendant’s land, that the fence should remain as a division line between them.
Fleet Mercer, the county surveyor of Holmes, stated that he had surveyed the line according to the original surveyor’s field notes in the office of the surveyor-general; that he found the red oak, called the corner in the original surveyor’s field notes, plainly and distinctly marked, some links south of the corner fixed by the Carroll county surveyor, and that no part of the fence would be on the land of the plaintiff, if the said red oak were the true corner. Pie farther stated there were not six inches difference between the line as run by him, and by his predecessor Benjamin. Henry Stokes stated that he built the fence, that it was composed entirely of rails made on the land df his father; that the line was then plainly marked, and that no part of the fence was upon the land of the plaintiff, • if that line was correctly marked. That the fence had never been repaired since he built it, seven or eight years before. Hester stated that the fence make a crook in one part of it. This was all the testimony, except what relates to the amount of damages.
There is some conflict in the testimony in regard to the surveys, which, however, is susceptible of easy explanation. The two surveyors of Holmes county made their surveys according to the original survey, beginning at the corner designated in the surveyor-general’s office. ' The surveyor of Carroll selected an arbitrary point, so as to make an equal division of the quarter section.
The original survey fixed the rights of the parties. The government sold the land according to that survey, and conveyed it to the purchasers. No line could be afterwards run without the consent of all interested, which would vary the rights, thus acquired. The survey of the Carroll county surveyor must be therefore disregarded. Then, according to the *431 true line, the fence was on the land of the defendant the whole way, if it pursued a straight course. Henry Stokes testifies it pursued a straight course; that he built it; that it was made of rails belonging to his father, and was all the way on his land. Fleet Mercer states the same thing, and so does A. B. Harris, provided the fence were not crooked.
This testimony counterbalances the evidence of Hester, but perhaps not so far as to justify the granting of a new trial upon that ground alone. But it is very manifest that the verdict was based upon the belief that the whole fence was upon the land of the plaintiff. Yet Hester says, that taking the red oak to be the true comer, only sixty or seventy parcels '-of fence were on the plaintiff’s land. The only evidence of damage was, that the plaintiff had to employ five hands eight or ten days, to make a new fence, and that the hands were worth one dollar a day each. This would give fifty dollars, the amount of damages assessed by the jury. It is so palpable that this finding was, to a great extent, without evidence to support it, that it must be set aside.
The agreement referred to by the testimony of young Stokes, can have no weight in the case. Parol evidence is admissible to prove established boundaries. 1 Greenl. Ev. 177. But the establishment of a boundary, by partition or otherwise, is within the statute of frauds, and, to be valid, must be reduced to writ-' ing. Roberts on Frauds, 282. On the whole, justice requires a new trial.
Judgment reversed, and new trial awarded.